M. A. & JAMES BARBEE v. J. M. JANUARY'S ADMR. ET AL.

Bills and Notes—Action on before Due—Parties.
    A holder of notes, none of which were due, when a cross petition was
    filed by him, cannot have judgment therefor, as only the allegations
    could be taken as confessed, and not its prayer.

Same—Necessary Parties.
    In the contest over the land for which said notes were given, he
    would be a necessary party, his interest being involved.

APPEAL FROM HARRISON CIRCUIT COURT.

February 18, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The decedent, January, sold appellee M. A. Barbee a tract of
15½ acres of land at $500 paid and for eleven annual payments
of five hundred dollars each, evidenced by the notes of her and
her husband. The vendor made a deed reciting the payment made
and the eleven deferred payments, without specifying the amount
of each or the whole, but specially reserved a lien for said notes,
in the deed.

The notes and deed bear the date of December 20, 1859.

As part of the contract of sale and purchase January was to
build a two-story frame house of specified dimensions and char-
acter within reasonable time, and to rent at his own expense a
dwelling house for Barbee and family until he completed it,
which is evidenced by a writing executed several days after the
deed.

January assigned the last six notes, due respectively July 1,
1866, 1867, 1868, 1869, 1870 and 1871, to his son-in-law, John
Macher.

Having died without completing the house in the year of ——,
his estate was by order of the county court committed to the
sheriff of Pendleton county, who brought suit on the first five of
said notes April 2, 1866. Which suit Barbee and wife defended,
setting up the non-completion of the house by January, and that

they had been compelled to finish it at a great expense; that they were damaged by not having its use for a boarding house and the difference in the value of the small house January had furnished them and this one if completed according to contract, and for damages in not having an orchard grown up, as they would have planted and grown one had they got possession according to the contract, all of which they claim as being equivalent to the outstanding notes. Their answer was made a cross-petition against Macher, who answered it, May 23, 1866, and set up his six notes, and asks judgment and a lien on the land therefor, and made it a cross-petition against Barbee and wife, who never answered it. He controverted their right to an off-set or counter-claim, and denies the essential allegations of their answer and cross-petition. So did the administrator.

The cause was referred to a master, who took proof, and reported it and his conclusions to the court. The court adjudged:

| | |
|---|---:|
| "7 years' difference in rent at $60 | $  420 |
| Interest | 54 |
| Amount paid by Barbee | 500 |
| Interest | 90 |
| Amount to finish the building | 1,100 |
| | $2,164 |
| Balance of purchase money, interest from December 20, 1857, until December 20, 1866, 7 years | 2,310 |
| Leaves of interest an excess of | $  146 |

The court then adjudged to the administrator $2,500 with interest from December 20, 1866, and to Macher $1,500 with interest from the same time, and orders a sufficiency sold to pay these respective sums, of all which Barbee and wife justly complain, and ask a reversal.

As Barbee and wife accepted the house furnished by January, they should not be allowed any difference in rent for a reasonable time for January to complete the new house; but after that period they should be allowed the difference between the reasonable annual value of the house furnished and the new house if completed according to contract. They should also be allowed the actual and necessary cost of completing the house as per contract it should have been done; but as to this cost they will be allowed

as of time it was done. As they actually had possession of the land and could have planted the orchard, nothing is due them for either the rents of the land or damage for not raising an orchard, nor are they entitled to damages for being deprived of the profits of a boarding house under this contract. The amount due them when ascertained upon this basis should be applied to the extinguishment of the principal and interest of the notes held by the administrator as both just to Barbee and wife and to Macher, who held the other notes.

As none of Macher's notes were due when he filed his cross-petition against Barbee and wife, only its allegations could be taken for confessed, and not its prayer. So far from showing a right of judgment, it showed that none of the notes were due, and, therefore, he was not entitled to judgment; but he was an essential party to the matters in controversy between Barbee and wife and the administrator, because his interest was involved. His judgment was, therefore, erroneous.

On the return of the cause the parties should be allowed to amend their pleadings, and the cause should again be referred to the master, if either party should desire, that the proof may elucidate the true issues and principles upon which this cause should be adjudicated, and a lien should be adjudged, for if no lien could be enforced by our statute alone as the amount of unpaid purchase price is not set out, yet as a lien was specifically reserved in the deed, this should be enforced, at least as between the original parties.

Wherefore, the judgment, both as to the administrator and Macher, is reversed, with directions for further proceedings consistent herewith.

*W. W. Trimble, for appellants.*

*Boyd, for appellees.*